# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHONE WISHOP, | Civil Action No. 1:06-CV-2460 |
| Plaintiff | (Judge Kane) |
| v. | |
| PATRICIA GINOCCHETTI and JAMES T. WYNDER, JR., | |
| Defendants | |

## MEMORANDUM

Before the Court is Defendants' motion for summary judgment. Doc. No. 38. Defendants seek summary judgment on the basis that Plaintiff failed to exhaust available administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"), or alternatively, that he failed to state a claim against them. Though the motion was filed April 13, 2009, and the Court issued an order directing Plaintiff to respond to the motion or to show cause why the motion should not be deemed unopposed (Doc. No. 41), Plaintiff has still not responded to the motion. Consequently, Defendants' motion is now deemed ripe before the Court for disposition though no brief in opposition has been filed. For the reasons stated below, the motion will be granted on the basis that Plaintiff failed to exhaust his administrative remedies.

## I. BACKGROUND

While incarcerated in the State Correctional Institute at Dallas, Plaintiff Stephone Wishop was allegedly prescribed and administered a drug known as Seroquel. Doc. No. 1. The drug made Plaintiff "dizzy and sick." Doc. No. 40 at 6. Plaintiff investigated the drug, discovered that it was potentially fatal, and filed a grievance pursuant to the inmate grievance system to recover for the injuries it caused him and to prevent the medical staff from continuing

to prescribe it to him. Doc. No. 40 at 6. The grievance was denied on the basis that there was "nothing in the medical record to indicate that [Plaintiff was] currently receiving Seroquel" or that he suffered the alleged side effects of being "dizzy and sick." Doc. No. 40 at 7. Plaintiff appealed that finding, but his grievance was denied again. Doc. No. 40 at 10. Plaintiff sought final review of his grievance pursuant to the inmate grievance procedure, but that appeal was denied for untimeliness. Doc. No. 40 at 11. On December 26, 2006, Plaintiff, acting *pro se*, filed this action pursuant to 42 U.S.C. § 1983 alleging that his Eighth Amendment right to be free from cruel and unusual punishment was violated because Defendants "knowingly and willingly continued to compel [him] to take a potentially fatal drug after they were made aware of the risks." Doc. No. 1 at 4.

Defendants filed this motion for summary judgment on April 13, 2009, followed by their brief in support and statement of material facts on April 27, 2009. Plaintiff has not responded to the motion for summary judgment despite a show cause order, issued on June 3, 2009, indicating that his failure to respond to Defendants' motion may result in the Court granting summary judgment in favor of Defendants. Doc. No. 41. Given Plaintiff's unwillingness to respond to the motion, the Court will consider all facts set forth in Defendants' statement of material facts to be admitted pursuant to Local Rule 56.1.[1] The Court will, however, proceed to address Defendants'

---

[1] Pursuant to local and federal rules, Plaintiff had eighteen days after service of Defendants' brief within which to file a brief in opposition or he will be deemed not to oppose the motion. See M.D. Pa. L.R. 7.6 ("Any party opposing any motion shall file a responsive brief, together with any opposing affidavits, deposition transcripts or other documents, within fifteen (15) days after service of the movant's brief . . . Any respondent who fails to comply with this rule shall be deemed not to oppose such motion."); Fed. R. Civ. P. 6(d) (adding three days after the filing period would otherwise expire when service is made by electronic means).

Moreover, the local rules require that Plaintiff file a response to Defendants' statement of material facts in a motion for summary judgment or Defendants' statement of material facts will

2

motion on the merits.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) provides, in relevant part, that summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute is material if it might affect the outcome of the suit under the applicable law, and it is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). At summary judgment, the inquiry is whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law. Id. at 251-52. In making this determination, the Court must "consider all evidence in the light most favorable to the party opposing the motion." A.W. v. Jersey City Pub. Schs., 486 F.3d 791, 794 (3d Cir. 2007).

The moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact. Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 145-46 (3d Cir. 2004). Once the moving party has shown that there is an absence of evidence to support the nonmoving party's claims, "the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal

---

be deemed admitted. M.D. Pa. L.R. 56.1 "The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts. . . . All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party."

3

memoranda, or oral argument." Berckeley Inv. Group. Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006); accord Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is appropriate. Celotex, 477 U.S. at 322.

### III. DISCUSSION

The PLRA requires that a prisoner filing a § 1983 action must first properly exhaust all administrative remedies before filing a claim in federal court. 42 U.S.C. § 1997(e)(a); Spruill v Gillis, 372 F.3d 218, 228 (3d Cir. 2004) (finding that the PLRA requires "proper exhaustion," or in other words, contains a procedural default component). Exhaustion need not be pleaded by the plaintiff on the face of the complaint, but the failure to exhaust is an affirmative defense which may be pleaded and proved by the defendant. Jones v. Block, 549 U.S. 199, 216 (2007). In order to have properly exhausted his administrative remedies, a plaintiff must be in "compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Woodford v. Ngo, 548 U.S. 81, 90-91 (2006).

The Pennsylvania Department of Corrections Inmate Grievance System Policy at issue here, DC-ADM 804, sets out a three-step grievance and appeals process. In the first step, an inmate is required to legibly set forth all facts and identify all persons relevant to his claim within fifteen days of the date the alleged incident occurred. Doc. No. 40 at 19-20; Spruill, 372 F.3d at 232. If dissatisfied with the outcome of his initial grievance, an inmate may appeal to the Facility Administrator for a second level of review. Doc. No. 40 at 22; Spruill, 372 F.3d at 232.

4

To complete the administrative remedies available, an inmate must appeal the Facility Manager's decision to the Secretary's Office of Inmate Grievances and Appeals within fifteen days of the date of the Facility Manager's decision. Doc. No. 40 at 24.

In this case, Plaintiff filed an initial grievance alleging that he was being harmed because he was being given Seroquel. Doc. No. 40 at 6. His grievance was denied by Defendant Ginochetti, a decision which he appealed both to the Facility Manager, Defendant Wynder, and to the Secretary's Office. Doc. No. 40 at 7- 11. Despite the attempted appeals, the only evidence of record indicates that step three of the process, Plaintiff's final appeal, was "untimely." Doc. No. 40 at 11. Both the Third Circuit Court of Appeals and the Supreme Court have held that the procedural default component of the PLRA's exhaustion requirement mandates that an inmate not only follow the grievance procedures available, but that he do so within the time and deadlines provided, which Plaintiff here did not do. Woodford, 548 U.S. at 90-91; Spruill, 372 F.3d at 228.

Accordingly, the undisputed evidence indicates that Plaintiff failed to exhaust his administrative remedies by failing to timely complete the administrative appeals process, and thus, Defendants' motion for summary judgment will be granted.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHONE WISHOP, | : | Civil Action No. 1:06-CV-2460 |
| Plaintiff | : | (Judge Kane) |
| v. | : | |
| PATRICIA GINOCCHETTI and JAMES T. WYNDER, JR., | : | |
| Defendants | : | |

# **ORDER**

**AND NOW**, this 27th day of August, 2009, upon consideration of Defendants' motion for summary judgment (Doc. No. 38), **IT IS HEREBY ORDERED** that the motion is **granted**. The Clerk of Court is directed to enter judgment in favor of Defendants and to close the case.

          S/ Yvette Kane
          Yvette Kane
          United States District Judge
          Middle District of Pennsylvania